**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4073

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

       v.

JARCOBY DEWAN GETER,

       Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:10-cr-00051-HMH-1)

Submitted:  June 22, 2017                Decided:  June 26, 2017

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarcoby Dewan Geter appeals the district court's judgment revoking his supervised release and sentencing him to 20 months' imprisonment. Geter's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Geter's sentence was plainly unreasonable. Geter was advised of his right to file a pro se supplemental brief, but has not filed one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006), and only if we find the sentence unreasonable must we decide "whether it is plainly so." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks omitted). Because Geter did not raise any objection to the court's explanation of his sentence, we review the record below for plain error, *Webb*, 738 F.3d at 640, and find none. A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumptively reasonable. *Webb*, 738 F.3d at 642. Here, Geter's properly calculated policy statement range was 18-24 months' imprisonment, *see* U.S. Sentencing Guidelines Manual § 7B1.4, and his 20-month sentence was within the statutory maximum.

Applying these standards, we conclude that Geter's within-range sentence is not unreasonable, much less plainly so. Further, in accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Geter, in writing, of the right to petition the Supreme Court of the United States for further review. If Geter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Geter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*